UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61429-CIV-COHN/SELTZER

GERI SIANO CARRIUOLO, et al.,

    Plaintiffs,

vs.

GENERAL MOTORS LLC,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 22] ("Motion"), Plaintiffs' Response [DE 24] and Defendant's Reply [DE 25]. The Court has reviewed these motion papers, the relevant portions of the case file, and is otherwise advised in the premises. Upon review, the Court will **DENY** the Motions.

### I.   Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely."  Id. at 556.

## II.     Background

Plaintiffs sue Defendant for misrepresentations made in connection with their purchase of new cars.  Plaintiffs allege that they bought new 2014 Cadillac CTS sedans from third-party General Motors dealerships.  [DE 7 at 1.]  Plaintiff Geri Siano Carriuolo purchased her car from a dealership in Florida.  [Id. at 2.]  Plaintiff Peter Bracchi purchased his car from a dealership in Tennessee.  [Id.]

Defendant shipped these cars with so-called "Monroney Stickers" that relay information about the cars' safety ratings awarded by the National Highway Traffic Safety Administration ("NHTSA").  [Id. at 3–4, 7–8.]  These Monroney Stickers indicated that the 2014 Cadillac CTS sedans received a five-star rating in three categories: Frontal Crash Driver, Frontal Crash Passenger, and Rollover.  [Id. at 4.]

But this information was false.  At that time, the 2014 Cadillac CTS had received no safety ratings from the NHTSA at all.  [Id. at 5.]  Since Plaintiffs purchased the vehicles, the NHTSA has rated the 2014 Cadillac CTS.  Although not mentioned in the Amended Complaint, the parties seem to agree that the NHTSA has awarded the 2014 Cadillac CTS a five-star "overall" safety rating, but only four stars in the "Frontal Crash Driver" category.  [See DE 22-1 at 2 n.1; DE 24 at 4.]

Based upon these incorrect Monroney Stickers, Plaintiffs bring three claims against Defendant.  Count I of Plaintiffs' Amended Complaint alleges violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, et seq.  [DE 7 at 7–8.]  Count II of Plaintiffs' Amended Complaint alleges violation of the Tennessee Consumer Protection Act ("TCPA"), Tennessee Code § 47-18-101, et seq.  [Id. at 8–10.]  Finally, Count III of Plaintiffs' Amended Complaint alleges Unjust Enrichment under both Florida and Tennessee Law.  [Id. at 11–12.]

### III.     Discussion

The Court will deny Defendant's Motion as to each of the counts in the Amended Complaint.  This Order will address each cause of action in turn.

#### A.     Violation of the Florida Unfair and Deceptive Trade Practices Act.

Defendant properly observes in its Motion that a FDUTPA claim has three elements: "'(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.'"  [DE 22-1 at 4 (quoting Lustig v. Bear Stearns Residential Mortg. Corp., 411 F. App'x 224, 225 (11th Cir. 2014)).]  Defendant argues that Count I of Plaintiffs' Amended Complaint fails to sufficiently plead the first of these elements.  Defendant argues that to plead an "unfair" act, Plaintiffs must allege an act that is "likely to cause substantial injury to consumers."  [DE 22-1 at 4.]  And any "deceptive" act must relate to a "material representation or omission."  [Id. (citations omitted).]  Per Defendant, "[t]he Amended Complaint does not contain any allegations or facts that Plaintiffs or any other consumer incurred '*substantial* injury,'" [Id.] and Plaintiffs "allege *no facts* whatsoever to explain why [the Monroney Stickers' inaccuracy] was 'material' to Plaintiffs or any other purchaser or lessee" [Id. at 5].

3

However, the Court has little difficulty concluding that Plaintiffs have satisfied their burden to plead the required material misrepresentations and substantial injury. Plaintiffs plead that Defendant conspicuously advertised that its car received safety ratings that in fact it did not. Accordingly, Plaintiffs allege that they "were damaged because the automobiles they purchased or leased did not contain the safety ratings that were represented, making the automobiles less valuable than the automobiles would have been had [Defendant's] representations been true." [DE 7 at 2.] Florida's appellate courts have found such allegations sufficient to sustain a FDUTPA claim. See Collins v. DaimlerChrysler Corp., 894 So. 2d 988, 990 (Fla. Dist. Ct. App. 2004) (reversing dismissal where a plaintiff alleged that a car manufacturer violated the FDUTPA by advertising that a car had effective seatbelts when in fact it did not).

Moreover, even in the absence of such case law, it seems reasonable that representations concerning the safety rating that a government agency assigned to a vehicle are material and that overstating this vehicle's safety ratings substantially harms the vehicle's purchaser. Federal law requires Defendant to include the NHTSA ratings on the Monroney Stickers that it ships with its vehicles. See 15 U.S.C. § 1232; 49 C.F.R. 575.302. Further, Plaintiffs allege that Defendant felt compelled to send Plaintiffs a letter with the correct information when it discovered the error. [See DE 7 at 4–5.] At this stage, the Court is required to make all reasonable inferences in favor of Plaintiffs. See Twombly, 550 U.S. at 555. Accordingly, Defendant's Motion is denied as to Plaintiffs' FUDTPA claim.

4

### B.  Violation of the Tennessee Consumer Protection Act.

Defendant's argument that Plaintiffs' TCPA claims should be dismissed mirrors its argument as to Plaintiffs FUDTPA claims.  Defendant argues that "for the same reasons discussed above with regard to the FDUTPA claim, Plaintiffs' individual TCPA claim should be dismissed."  [DE 22-1 at 7.]  Specifically, Plaintiffs "have not alleged facts to support allegations relating to 'substantial injury' or 'materiality.'"  These arguments carry no more weight in the context of Plaintiffs' TCPA claims than they do in the context of Plaintiffs' FUDTPA claims.  Defendant's Motion on this score will therefore likewise be denied.

### C.  Unjust Enrichment under Florida Law

Defendant next moves to dismiss Plaintiffs' claims for Unjust Enrichment.  Defendant addresses unjust enrichment under Florida and Tennessee law separately, and the Court will do the same.

Under Florida law, a claim for Unjust Enrichment has three elements: "'(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof.'"  [DE 22-1 at 7–8 (quoting Virgilio v. Ryland Group, Inc., 680 F.3d 1329, 1337 (11th Cir. 2012)).]  Defendant attacks Plaintiffs' pleading of the first of these elements.  [DE 22-1 at 8.]  In doing so, Defendant argues that any such benefit must be "direct" and that here "the only facts [Plaintiffs] allege pertaining to their transaction is that they purchased their vehicles directly from automobile dealerships, not from [Defendant] GM."  [Id.]

However, taking all reasonable inferences from Plaintiffs' allegations in their favor, Plaintiffs have alleged that they have conferred the required direct benefit upon

Defendant.  It is of no matter that the benefit passed through independent dealerships.  "[I]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."  Hamilton v. SunTrust Mortg., Inc., 6 F. Supp. 3d 1312, 1317 (S.D. Fla. 2014).  Instead, this Court has found that dismissal is not proper if the manufacturer of a product "marketed its product directly to consumers, but sold its product through an intermediary, i.e., a retail outfit."  Romano v. Motorola, Inc., No. 07-60517-CIV, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007).

Defendant's Reply notes the "unique way [Defendant] GM's transaction with its independent dealerships are structured."  Defendant argues that Plaintiffs will therefore not be able to allege that a benefit flows to Defendant from a dealership's sales.  [DE 25 at 8.]  However, at this stage, the Court must construe the Amended Complaint firmly in Plaintiffs' favor.  The Amended Complaint is silent as to Defendant's arrangement with its dealerships.  That a dealership's sale would confer some benefit upon Defendant is plausible.  The Court will therefore not dismiss Plaintiffs' Unjust Enrichment claims on these grounds.

### D.  Unjust Enrichment Under Tennessee Law

Defendant further argues that the Court should dismiss Plaintiffs' Unjust Enrichment claims under Tennessee Law.  The Tennessee Supreme Court set forth the elements of an Unjust Enrichment claim in Freeman Industries, LLC v. Eastman Chemical Co., 172 S.W. 3d 512 (Tenn. 2005).  There, the court held:

> The elements of an unjust enrichment claim are: 1) [a] benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without

6

> payment of the value thereof. The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust. The plaintiff must further demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract.

Id. at 525 (internal citations and quotation marks omitted).

Defendant contends that the Court should dismiss Plaintiffs' Unjust Enrichment Claims under Tennessee law because Plaintiffs have not adequately alleged facts sufficient to satisfy this final requirement. [DE 22-1at 9–10.] That is, Plaintiffs have not alleged that they have exhausted all remedies against the dealerships, with which they were in privity of contract. [Id.]

But it is unclear that such a failure serves as grounds to dismiss under Rule 12(b)(6). "'[T]he precise requirements of a prima facie case can vary depending upon the context,' and should not be applied rigidly." Wright & Miller, Fed. Prac. & Proc. § 1216 (3d ed. 2010) (quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002)). Moreover, Freeman Industries concerned summary judgment, not dismissal at the pleadings stage. 172 S.W. 3d at 526.[1] Plaintiffs' Amended Complaint provides notice of their claims to Defendant and pleads sufficient facts for the Court to conclude that their claims are plausible.

Moreover, neither Plaintiffs' Amended Complaint nor Defendant's Motion suggests a claim that Plaintiffs have against the dealerships. Plaintiffs' suit is premised

---

[1] The Court acknowledges the Eastern District of Tennesee's contrary conclusion in Spahr v. Leegin Creative Leather Products, Inc., No. 2:07-cv-187, 2008 WL 3914461 (E.D. Tenn. Aug. 20, 2008). This case is not binding and the Court does not find it persuasive under these circumstances. Further, other federal courts in Tennessee have left it to a jury to decide what impact failing to exhaust other remedies may have on a plaintiff's recovery. See, e.g., Jackson v. Regions Bank, No. 3:09-00908, 2010 WL 3069844, at *11 (M.D. Tenn. Aug. 4, 2010) ("[T]he jury can determine the extent to which those circumstances should affect the unjust enrichment award.").

entirely upon the inaccurate Monroney Stickers that Defendant generated and shipped to the dealerships.  These stickers appear to be Defendant's responsibility.  See 15 U.S.C. § 1232 (requiring a vehicle "manufacturer" to apply the sticker); 15 U.S.C. § 1233(c) (making it a misdemeanor to alter or remove a Monroney Sticker).  Should discovery uncover an unexhausted claim against the dealerships from which Plaintiffs purchased their cars, Defendant may raise this issue at summary judgment or some other appropriate time.  The Court will not dismiss Plaintiffs' Unjust Enrichment claim under Rule 12(b)(6) on this ground.

### E. Plaintiffs' Class Allegations

Finally, Defendant argues that the Court should dismiss Plaintiffs' class allegations under the TCPA.  [DE 22-1 at 5–6.]  Defendant points to the Tennessee Supreme Court's decision in Walker v. Sunrise Pontiac-GMC Truck, Inc., 249 S.W. 3d 301 (Tenn. 2008), holding that the statute's language forecloses a class action.  This matter is settled in Tennessee state court.  But whether this language effectively overrides Federal Rule of Civil Procedure 23 appears unresolved.  See generally, Shady Grove Orhopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010).

The Court need not address the issue at this time.  "The question of class certification is generally not addressed on a motion to dismiss."  Martorella v. Deutsche Bank Nat. Trust, Co., 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013).  Plaintiffs filed a motion for class certification along with their Amended Complaint.  [See DE 8].  The Court holds that motion in abeyance.  Rather than determine the propriety of Plaintiffs' efforts to bring their TCPA claims as a class action at this stage, the Court will address the matter when resolving Plaintiff's motion for class certification.

### IV. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 22] is **DENIED**.

2. Defendant shall file its answer to the Amended Complaint on or before **December 26, 2014**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of December, 2014.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.