UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GERI SIANO CARRIUOLO and PETER BRACCHI, on their own behalves and on behalf of all others similarly situated

vs.

No. 14-cv-61429

GENERAL MOTORS LLC,

       Defendant.
_____/

## SECOND AMENDED CLASS ACTION COMPLAINT

1.    Geri Siano Carriuolo and Peter Bracchi (the "Plaintiffs"), on their own behalves and on behalf of the Classes (defined below), bring this complaint against General Motors LLC ("GM"). Plaintiffs respectfully allege the following.

2.    This is an action arising out of GM's false and deceptive representations made to purchasers and lessees of motor vehicles, including Plaintiffs. Specifically, GM represented on standardized "Monroney" stickers affixed to vehicles for sale and lease that certain of its vehicles had achieved the highest safety ratings available in certain categories by the National Highway Traffic Safety Administration ("NHTSA"), when the vehicles had in fact not received any such ratings.

3.    Plaintiffs Carriuolo and Bracchi both purchased 2014 Cadillac CTS Sedans. The cars they purchased had affixed to them Monroney stickers representing that the automobiles had achieved 5-star ratings—the highest NHTSA rating available—in three different categories: Frontal Crash Driver, Frontal Crash Passenger, and Rollover. Months after their purchases, GM informed Carriuolo and Bracchi that the information provided on the Monroney sticker affixed to the automobiles they purchased was false, and that the 2014 Cadillac CTS Sedan had received **no**

1

NHTSA safety ratings.

4. Through its false representations, described more fully herein, GM has violated the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA"), the Tennessee Consumer Protection Act ("TCPA"), the Uniform Commercial Code ("UCC"), and has been unjustly enriched. Plaintiffs and the Classes were damaged because the automobiles they purchased or leased did not contain the safety ratings that were represented, making the automobiles less valuable than the automobiles would have been had GM's representations been true, and causing the Plaintiffs and the Classes to pay a higher price for the automobiles than they would have paid had GM accurately represented the safety ratings.

## PARTIES

5. Plaintiff Geri Siano Carriuolo is an individual consumer residing Plantation, Florida. On or about December 29, 2013, Carriuolo purchased a new 2014 Cadillac CTS Sedan from Ed Morse Sawgrass Auto Mall—a Florida automobile dealership.

6. Plaintiff Peter Bracchi is an individual consumer residing in Nashville, Tennessee. On November 9, 2013, Bracchi purchased a new 2014 Cadillac CTS Sedan from Andrews Cadillac Company—a Tennessee automobile dealership.

7. Defendant General Motors LLC is a limited liability company organized under Delaware law and is headquartered in Detroit, Michigan. Cadillac is a division of defendant GM. GM manufactures Cadillac automobiles, including the 2014 Cadillac CTS Sedan. GM does business throughout the state of Florida.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1453, because (1) this action is a "class action," which contains class allegations and expressly seeks

certification of a proposed class of individuals; (2) the putative Classes each consist of at least hundreds of proposed class members; (3) the citizenship of at least one class member is different from GM's citizenship; and (4) the aggregate amount in controversy by the claims of Plaintiffs and the putative Classes exceeds $5,000,000, exclusive of interest and costs.

9. This Court also has personal jurisdiction over GM because GM does business in Florida and the actions that are the subject of this complaint took place in substantial part in Florida.

10. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because GM is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## FACTUAL ALLEGATIONS

11. On or about December 29, 2013, Carriuolo purchased a 2014 Cadillac CTS Sedan from Ed Morse Sawgrass Auto Mall in Sunrise, Florida.

12. On November 9, 2013, Bracchi purchased a 2014 Cadillac CTS Sedan from Andrews Cadillac Company in Brentwood, Tennessee.

13. Affixed to both Carriuolo's and Bracchi's 2014 Cadillac CTS Sedans was a so-called "Monroney sticker" containing information about the vehicle.

14. Monroney stickers present information about vehicles in a standardized form and using standardized measures to enable consumers to directly compare vehicle features, including gas mileage, equipment, and safety ratings and information. The Monroney stickers are designed to facilitate comparison shopping.

15. The Monroney stickers contain a section entitled "Government 5-Star Safety Ratings." The sticker explains that "Star ratings range from 1 to 5 stars ( ★★★★★ ) with 5

being the highest." The sticker cites the "Source" of these ratings as the "National Highway Traffic Safety Administration (NHTSA)."

16. The Monroney sticker affixed to the 2014 Cadillac CTS Sedans that Carriuolo and Bracchi purchased both indicated that the 2014 Cadillac CTS Sedan has received three NHTSA safety ratings. Specifically, the sticker indicated the 2014 Cadillac CTS Sedan had received five stars—"★ ★ ★ ★ ★"—for three different categories—Frontal Crash Driver, Frontal Crash Passenger, and Rollover.

17. The sticker explains that the "Frontal Crash" Driver "Star ratings [are] based on the risk of injury in a frontal impact."

18. The sticker further explains that the "Frontal Crash" Passenger "Star ratings [are] based on the risk of injury in a frontal impact."

19. The sticker further explains that "Rollover…Star ratings [are] based on the risk of rollover in a single-vehicle crash."

20. As explained below, the 2014 Cadillac CTS Sedan had not received any five-star ratings for any NHTSA safety category. NHTSA had, in fact, not tested the automobile for any such safety ratings as of the time of purchase.

21. Carriuolo purchased the 2014 Cadillac STS Sedan on December 29, 2013, and Bracchi purchased the 2014 Cadillac STS Sedan on November 9, 2013.

22. Shortly after May 16, 2014, Carriuolo and Bracchi both received form letters of that date from Jim Moloney, the General Director, Customer & Relationship Services of GM. The letters stated:

> The purpose of this letter is to advise you about an inadvertent error on your vehicle's window label with respect to the National Highway Traffic Safety Administration's (NHTSA) safety ratings for your vehicle. Not all vehicles are tested by NHTSA every model year. When a vehicle is tested, however, star

4

ratings are issued by NHTSA for frontal crash, side crash, rollover, and overall vehicle performance. All of these ratings are then placed on the window label. While Cadillac always strives for excellence in safety and quality, **as of the date of this letter, the 2014 CTS Sedan has not been tested or rated by NHTSA as to its vehicle crash performance. Therefore, the vehicle does not have any star ratings form NHTSA in any category.**

The window label on your vehicle correctly indicated that its overall vehicle and side crash performance were not rated. However, due to an inadvertent computer programming error, **the label also indicated that your vehicle achieved a 5-star rating for frontal crash and rollover performance. This is not correct.** Enclosed is a corrected window label accurately reflecting that **your vehicle has no NHTSA star ratings**.

23. As the letter indicates, the letter enclosed a replacement Monroney sticker that represents that the 2014 Cadillac CTS Sedan had received no NHTSA star ratings.

## CLASS ACTION ALLEGATIONS

24. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Carriuolo brings this complaint on behalf of all persons within the State of Florida who purchased or leased vehicles from GM that had affixed to them false and deceptive information concerning the NHTSA safety ratings for the vehicle (the "Florida Class").

25. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Bracchi brings this complaint on behalf of all persons within the State of Tennessee who purchased or leased vehicles from GM that had affixed to them false and deceptive information concerning the NHTSA safety ratings for the vehicle (the "Tennessee Class").

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Carriuolo and Bracchi bring this complaint on behalf of all persons within the United States who purchased or leased vehicles from GM that had affixed to them false and deceptive information concerning the NHTSA safety ratings for the vehicle (the "Nationwide Class").

27. The Florida Class, the Tennessee Class, and the Nationwide Class are together referred to in this complaint as the "Classes."

28. Upon completion of discovery with respect to the scope of the Classes, Plaintiffs reserve the right to amend the definitions of the Classes.

29. <u>Numerosity</u>: Based upon the size of GM's operations in Florida and Tennessee, and the information GM has provided to Plaintiffs in their May letters, Plaintiffs believe that the Classes each consist of at least thousands of individuals who purchased or leased GM vehicles that had affixed to them a deceptive Monroney sticker.

30. <u>Commonality</u>: Plaintiffs' claims raise questions of law and fact that are common to each member of the Classes that predominate over any questions affecting any individual members including, inter alia, the following:

   a. Whether GM made false representations to the Classes concerning NHTSA safety ratings assigned to GM automobiles; and

   b. Whether GM violated FDUTPA by making false and deceptive representations concerning NHTSA safety ratings assigned to such automobiles.

   c. Whether GM violated the TCPA by making false and deceptive representations concerning NHTSA safety ratings assigned to such automobiles.

   d. Whether GM violated the UCC by breaching its express warranties concerning NHTSA safety ratings assigned to such automobiles.

   e. Whether GM was unjustly enriched through its false and deceptive representations concerning NHTSA safety ratings assigned to such automobiles.

31. <u>Typicality</u>: The claims of Plaintiffs are typical of the claims of each member of the Classes in that Plaintiffs allege a common course of conduct by GM toward each member of the Classes—specifically, GM directed false representations to each member of the Classes. Plaintiffs and the other members of the Classes seek identical remedies under identical legal

theories. There is no antagonism or material factual variation between Plaintiff's claims and those of the Classes.

32. <u>Adequacy</u>: Plaintiff Carriuolo is a Florida resident who will fairly and adequately protect and represent the interest of each member of the Florida Class and the Nationwide Class. Plaintiff Bracchi is a Tennessee resident who will fairly and adequately protect the interest of each member of the Tennessee Class and the Nationwide Class. Additionally, Plaintiffs are fully cognizant of their responsibilities as class representatives and have retained experienced counsel fully capable of, and intent upon, vigorously pursuing this action.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy within the meaning of Rule 23(b) and in consideration of the matters set forth in Rule 23(b)(3)(A)-(D). Because of the amount of the individual Class members' claims relative to the complexity of the litigation and the financial resources of the GM, few, if any, members of the Classes would seek legal redress individually for the wrongs complained of here. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all members of the Classes.

### **FIRST CLAIM FOR RELIEF**

**Violations of Florida Deceptive and Unfair Trade Practice Act**

**(Against GM on behalf of the Florida Class)**

34. Plaintiff Carriuolo incorporates paragraphs 1–33 by reference.

35. Carriuolo brings this claim against GM on behalf of herself and the Florida Class.

36. GM is engaged in commerce in the State of Florida, as defined by §501.203(8), Florida Statutes, and is therefore subject to the provisions contained in §501.201 et seq., Florida Statutes, the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

37. Carriuolo and the members of the Florida Class are "consumer(s)" as defined by §501.203(7), Florida Statutes, and as such are entitled to the protection of FDUTPA.

38. In selling automobiles in Florida, GM was required to be honest in its dealings and not engage in any actions that had the effect of deceiving purchasers or lessees of automobiles.

39. By reason of the conduct alleged herein, GM engaged in unfair and deceptive business practices in violation of FDUTPA, Fl. St. §§501.201, et seq. Specifically, GM violated FDUTPA by affixing materially false Monroney stickers to GM automobiles sold and leased in Florida. The Monroney stickers were materially false because they falsely stated that certain automobiles, including the 2014 Cadillac CTS Sedan, had achieved certain NHTSA safety ratings when the automobiles had not been tested and had not received such ratings.

40. As a result of GM'S violations of FDUTPA, Carriuolo and the members of the Florida Class have suffered a substantial injury and have been aggrieved and are, thus, entitled to damages under FDUTPA.

41. As redress for GM's repeated violations of FDUTPA, Carriuolo and the members of the Florida Class are entitled to, inter alia, damages and declaratory relief.

WHEREFORE, Carriuolo respectfully requests this Court enter an Order granting the following relief:

    a. award Carriuolo and the members of the Florida Class damages pursuant to §501.211(2), Florida Statutes;

      b.    enter a declaratory judgment to the effect that GM has engaged in unfair, unconscionable, and deceptive business practices, in violation of FDUTPA as set forth in §501.211(1), Florida Statutes; and

      c.    award Carriuolo her reasonable attorneys' fees and costs incident to the bringing of this action, pursuant to §501.211 Florida Statutes.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## SECOND CLAIM FOR RELIEF

### Violations of Tennessee Consumer Protection Act

### (Against GM on behalf of the Tennessee Class)

42. Plaintiff Bracchi incorporates paragraphs 1–41 by reference.

43. Bracchi brings this claim against GM on behalf of himself and the Tennessee Class.

44. GM is engaged in commerce in the State of Tennessee, as defined by § 47-18-103, Tennessee Code, and is therefore subject to the provisions contained in §47-18-101, et seq., Tennessee Code, the Tennessee Consumer Protection Act (TCPA).

45. Bracchi and the members of the Tennessee Class are "consumer(s)" as defined by § 47-18-103(2), Tennessee Code, and as such are entitled to the protection of TCPA.

46. In selling automobiles in Tennessee, GM violated § 47-18-104(b), Tennessee Code, by:

      a.    "[c]ausing likelihood of confusion or of misunderstanding as to the…sponsorship, approval, or certification of" GM vehicles, § 47-18-104(b)(2);

    b. "[c]ausing likelihood of confusion or misunderstanding as to…certification [by] another," in connection with its sales of GM vehicles, § 47-18-104(b)(3);

    c. "[r]epresenting that goods [i.e., GM vehicles] have sponsorship, approval, characteristics,…benefits or quantities that they do not have," § 47-18-104(b)(5);

    d. "[r]epresenting that goods [i.e., GM vehicles] are of a particular standard, quality or grade…, if they are of another," § 47-18-104(b)(7); and

    e. "[u]sing statements or illustrations in any advertisement which create a false impression of the grade [or] quality…of the goods [i.e., GM vehicles] offered, or which may otherwise misrepresent the goods…in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods…to other goods," § 47-18-104(b)(21).

47. By reason of the conduct alleged herein, GM engaged in unfair and deceptive business practices in violation of TCPA, Tenn. Code §§88-18,101, et seq. Specifically, GM violated TCPA by affixing materially false Monroney stickers to GM automobiles sold and leased in Tennessee. The Monroney stickers were materially false because they falsely stated that certain automobiles, including the 2014 Cadillac CTS Sedan, had achieved certain NHTSA safety ratings when the automobiles had, in fact, never received such ratings.

48. As a result of GM's violations of TCPA, Bracchi and the members of the Tennessee Class have suffered a substantial and ascertainable loss—specifically, they purchased or leased automobiles less valuable than the automobiles would have been had GM's representations been true, and paid prices for the automobiles that were higher than they would have paid had GM accurately represented the safety ratings. Bracchi and members of the Tennessee Class are thus entitled to damages under TCPA.

49. As redress for GM's repeated violations of the TCPA, Bracchi and the members of the Tennessee Class are entitled to, inter alia, damages and declaratory relief.

WHEREFORE, Bracchi respectfully requests this Court enter an Order granting the following relief:

    a. award Bracchi and the members of the Tennessee Class damages pursuant to § 47-18-109(a)(1), Tennessee Code;

    b. enter a declaratory judgment to the effect that GM has engaged in unfair, and deceptive business practices, in violation of TCPA as set forth in § 47-18-109(b), Tennessee Code;

    c. award Bracchi his reasonable attorneys' fees and costs incident to the bringing of this action, pursuant to § 47-18-109(e)(1), Tennessee Code.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

### THIRD CLAIM FOR RELIEF

#### Unjust Enrichment

#### (Against GM on behalf of the Nationwide Class)

50. Plaintiffs incorporate paragraphs 1–49 by reference.

51. Plaintiffs, on behalf of themselves and the members of the Nationwide Class, assert a common law claim for unjust enrichment against GM.

52. GM received and retained wrongful benefits as a result of the purchases and leases made by Plaintiffs and members of the Nationwide Class and, in so doing, GM has disregarded the rights of Plaintiffs and members of the Nationwide Class.

53. By means of GM's wrongful conduct alleged herein, GM made false and deceptive representations to Plaintiffs and members of the Nationwide Class; thus, GM's acceptance and retention of benefits under circumstances that make it inequitable for them to retain such benefits.

54. GM directly benefited from the conduct alleged herein through profits it earned from the sale of the automobiles, and Plaintiffs and the members of the Nationwide Class directly conferred a benefit on GM in the form of their payments for their automobiles.

55. To the extent any Plaintiffs or members of the Nationwide Class were required to exhaust remedies against the automobile dealers who sold GM's vehicles prior to bringing a claim for unjust enrichment against GM, any such requirement is satisfied here because Plaintiffs and members of the Nationwide Class have no claim against dealers who sold GM cars. The representations alleged in this complaint were made solely by GM, and therefore, there exists no claim against automobile dealers to "exhaust." Pursuit of remedies against the automobile dealers would be futile because no such remedies exist.

56. As a result of the GM's wrongful conduct as alleged herein, it has been unjustly enriched at the expense of, and to the detriment of, Plaintiffs and members of the Nationwide Class.

57. GM's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

58. Under the common law doctrine of unjust enrichment, it is inequitable for GM to be permitted to retain the benefits it received, without justification, from its deceptive practices. GM's retention of such funds under circumstances making it inequitable to do so constitutes

unjust enrichment. The financial benefits derived by GM rightfully belong to Plaintiffs and the members of the Nationwide Class.

59. Plaintiffs and members of the Nationwide Class have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and the Nationwide Class on account of GM's unjust enrichment and compel GM to disgorge in a common fund for the benefit of Plaintiffs and the members of the Nationwide Class all wrongful or inequitable proceeds it received. A constructive trust should be imposed upon all wrongful or inequitable sums received by GM traceable to Plaintiffs and the members of the Nationwide Class.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## FOURTH CLAIM FOR RELIEF

**Breach of Express Warranty in Violation of the Uniform Commercial Code**

**(Against GM on behalf of the Nationwide Class)**

60. Plaintiffs incorporate paragraphs 1–59 by reference.

61. Plaintiffs, on behalf of themselves and the members of the Nationwide Class, assert a claim for breach of express warranty under the UCC

62. GM marketed and sold GM automobiles into the stream of commerce with the intent that the automobiles would be purchased by Plaintiffs and members of the Nationwide Class.

63. GM expressly warranted that certain automobiles, including the 2014 Cadillac CTS Sedan, had achieved certain NHTSA safety ratings. GM's warranties were express

warranties which became part of the basis of the bargain Plaintiffs and members of the Nationwide Classes entered into when they purchased the automobiles.

64.     GM breached its express warranties to Plaintiffs and the Nationwide Class because the automobiles had, in fact, never received such ratings.

65.     As a result of GM's breach of its express warranties, Plaintiffs and the Nationwide Class have suffered actual damages in that they have purchased products that are less valuable than the automobiles would have been had GM's representations been true, and Plaintiffs and the Nationwide Class paid prices for their automobiles that were higher than they would have paid had GM accurately represented the safety ratings of the vehicles..

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and the Nationwide Class on account of GM's breach of express warranties to the Plaintiffs and the Nationwide Class and to order rescission of the automobile sales at issue or, in the alternative, award Plaintiffs and members of the Nationwide Class the actual damages they have suffered as a result of GM's breach of its express warranties.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalves and on behalf of the members of the Classes, respectfully request:

A.      That that the Court certify this action as a class action pursuant to Federal Rule of Civil Procedure 23 and appoint Carriuolo as representative of the Florida Class and the Nationwide Class, and Bracchi as representative of the Tennessee Class and the Nationwide Class, and their counsel as counsel for the Classes;

B.	that this Court enter judgment rescinding the automobile sales at issue or, in the alternative, awarding actual damages to Plaintiffs and the Members of the Classes;

C.	that this Court award an amount to Plaintiffs and the Classes that represents the extent of GM's unjust enrichment described herein;

D.	that the Court award attorneys' fees, expenses, and the costs of this suit, together with prejudgment and post-judgment interest at the maximum rate allowed by law;

E.	that the Court declare that the conduct of the Defendants violated FDUTPA and TCPA;

F.	that this Court award such other and further relief as it may deem just and appropriate.

Dated: December 15, 2014				By his attorneys,

> */s/ Jeffrey M. Liggio*
> Jeffrey M. Liggio
> Florida Bar No. 357741
> Email: jliggio@liggiolaw.com
> LIGGIO BENRUBI
> Barristers Building,
> 1615 Forum Place, Suite 3B
> West Palm Beach, Florida 33401
> Tel: (561) 616-3333
>
> Don Fountain
> Email: DFountain@ClarkFountain.com
> CLARK, FOUNTAIN, LA VISTA, PRATHER, KEEN & LITTKY-RUBIN
> 1919 North Flagler Drive
> West Palm Beach, FL 33407
> Tel:   561-899-2100
>
> *Counsel for Plaintiffs*

OF COUNSEL:

Edward F. Haber
Email: ehaber@shulaw.com
Ian J. McLoughlin
Email: imcloughlin@shulaw.com
Patrick J. Vallely
Email: pvallely@shulaw.com
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Tel:     (617) 439-3939

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send Notice of Electronic Filing to all counsel of record.

Dated:  December 15, 2014                         */s/ Jeffrey M. Liggio*