UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61429-CIV-COHN/HUNT

GERI SIANO CARRIUOLO, etc., et al.,

      Plaintiffs,

vs.

GENERAL MOTORS LLC,

      Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

      **THIS CAUSE** is before the Court upon Plaintiffs' Amended Motion for Class

Certification [DE 38] ("Motion").  The Court has considered the Motion, Defendant's

Response [DE 46], Plaintiffs' Reply [DE 55], and Defendant's Surreply [DE 58], the

record in this case, and is otherwise advised in the premises.  The Court will **GRANT in**

**part and DENY in part** the motion.  It will certify a class as to the Florida Deceptive and

Unfair Trade Practice Act claims only, and will appoint Plaintiff Carriuolo and Plaintiffs'

counsel to represent this class.

    **I.**      **Background**

      The Court previously summarized the subject of this action in its Order on

Defendant's Motion to Dismiss.  [See DE 28 at 2–3.]  Although Plaintiffs have since filed

a Second Amended Complaint [DE 32], the case is not much changed.  Plaintiffs sue

Defendant for misrepresentations made in connection with their purchase of new cars.

Plaintiffs allege that they bought or leased new 2014 Cadillac CTS sedans from third-

party General Motors dealerships.  [DE 32 at 1.]  Plaintiff Geri Siano Carriuolo

purchased her car from a dealership in Florida.  [Id. at 3.]  Plaintiff Peter Bracchi

purchased his car from a dealership in Tennessee.  [Id.]

Defendant shipped these cars with so-called "Monroney Stickers" that relay

information about the cars' safety ratings awarded by the National Highway Traffic

Safety Administration ("NHTSA").  [Id. at 3–4.]  These Monroney Stickers indicated that

the 2014 Cadillac CTS sedans received a five-star rating in three categories: Frontal

Crash Driver, Frontal Crash Passenger, and Rollover.  [Id.]

But this information was false.  At that time, the 2014 Cadillac CTS had received

no safety ratings from the NHTSA at all.  [Id. at 4.]  Since Plaintiffs purchased the

vehicles, the NHTSA has rated the 2014 Cadillac CTS.  The NHTSA awarded the 2014

Cadillac CTS a five-star "overall" safety rating, but gave it only four stars in the "Frontal

Crash Passenger" category.  [See DE 46 at 1.]

Plaintiffs make four claims in connection with the incorrect Monroney Stickers.

Count I of Plaintiffs' Second Amended Complaint alleges violation of the Florida

Deceptive and Unfair Trade Practices Act.  [DE 32 at 7–9.]  Count II alleges violations of

the Tennessee Consumer Protection Act.  [Id. at 9–11.]  Count III alleges Unjust

Enrichment.  [Id. at 11–13.]  And Count IV alleges Breach of Express Warranty in

violation of the Uniform Commercial Code.  [DE 13–14.]

Plaintiffs now move the Court to certify this case as a class action under Federal

Rule of Civil Procedure 23.  [DE 38 at 1.]  Specifically, Plaintiffs ask the Court to certify

four separate classes corresponding to each of their claims.  As to Count I, Plaintiffs ask

the Court to certify the following class:

> [T]he "Florida Class," consisting of "all persons within the
> State of Florida who purchased or leased a 2014 Cadillac

CTS that had affixed to them false and deceptive information concerning the NHTSA safety ratings for the vehicle."

[Id.]

As to Count II, Plaintiffs ask the Court to certify—

[T]he "Tennessee Class," consisting of "all persons within the State of Tennessee who purchased or leased a 2014 Cadillac CTS that had affixed to them false and deceptive information concerning the NHTSA safety ratings for the vehicle."

[Id.]

As to Count III, Plaintiffs seek certification of—

[T]he "Nationwide Unjust Enrichment Class," consisting of all persons within the United States who purchased or leased a 2014 Cadillac CTS that had affixed to them false and deceptive information concerning the NHTSA safety ratings for the vehicle.

[Id.]

And as to Count IV, Plaintiffs ask the Court to certify—

[T]he "Multistate Breach of Express Warranty Class," consisting of all persons within the states of Alabama, Alaska, Arizona, California, Colorado, Florida, Hawaii, Idaho, Indiana, Louisiana, Maryland, Massachusetts, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, South Carolina, Tennessee, Utah, Vermont, Virginia, Washington, Wisconsin, and the District of Columbia, who purchased or leased a 2014 Cadillac CTS and had affixed to them false and deceptive information concerning the NHTSA safety ratings for the vehicle.

[Id.]

Plaintiffs ask the Court to appoint Plaintiff Geri Siano Carriuolo as class

representative for the Florida Class, to appoint Plaintiff Peter Bracchi as class

representative for the Tennessee Class, and to appoint both named Plaintiffs as class

representatives for the Nationwide Unjust Enrichment Class and the Multistate Breach of Express Warranty Class.  [Id. at 2.]

## II.      Class Certification Standard

Federal Rule of Civil Procedure 23 guides the Court in deciding whether class certification is appropriate.  Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1187 (11th Cir. 2003).  "Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable.'"  Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1304 (11th Cir. 2012) (quoting DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970)).  "After a court determines that a class is ascertainable, it then considers whether the Rule 23 factors are met."  Bush v. Calloway Consolidated Group River City, Inc., No. 3:10-cv-841-J-37MCR, 2012 WL 1016871, at *3 (M.D. Fla. Mar. 26, 2012).

Rule 23 provides in pertinent part the following:

> **(a)      Prerequisites.**  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1)      the class is so numerous that joinder of all members is impracticable;
>
> (2)      there are questions of law or fact common to the class;
>
> (3)      the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)      the representative parties will fairly and adequately protect the interests of the class.
>
> **(b)      Types of Class Actions.**  A class action may be maintained if Rule 23(a) is satisfied and if : . . .
>
> (3)      the court finds that the questions of law or fact common to class members predominate over any questions

> affecting only individual members, and that a class action is
> superior to other available methods for fairly and efficiently
> adjudicating the controversy.

A plaintiff may maintain a suit as a class action only if all prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the three subsections of Rule 23(b) are also met.  Heaven v. Trust Co. Bank, 118 F.3d 735, 737 (11th Cir. 1997); see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997).

A Court has broad discretion in deciding whether to certify a class.  Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992).  Although a district court is not to determine the merits of a case at the certification stage, sometimes "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Id. at 1570 n.11.  The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action.  Heaven, 118 F.3d at 737.

### III.       Application

The Court will grant Plaintiffs' Motion for class certification only to the extent that it will certify the Florida Class and appoint Plaintiff Carriuolo as its representative.  The other three classes fail to satisfy Rule 23(b)(3)'s predominance or superiority requirements.  In keeping with this Court's obligation to conduct "a rigorous analysis" of Rule 23's requirements before certifying a class, see Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1266 (11th Cir. 2009), this order will first evaluate the putative Florida Class in light of the Rule.  Then, the Court will address why certification would be inappropriate for the remaining three classes.

## A.      The Court Will Certify the Proposed Florida Class

The proposed Florida class is appropriate for certification concerning Plaintiffs'

claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla.

Stat. § 501.201, et seq.  The class is definite and ascertainable.  Further, the Florida

class satisfies Rule 23(a)'s prerequisites and the predominance and superiority

requirements of Rule 23(b).  The Court addresses each in turn.

### 1.      Definition and Ascertainability

Plaintiffs' proposed Florida Class appears adequately defined and eminently

ascertainable.  A plaintiff satisfies these requirements if he proposes a class that "can

be ascertained by reference to objective criteria" and whose members can be identified

through "a manageable process that does not require much, if any, individual inquiry."

Bussey v. Macon Cnty. Greyhound Park, Inc., 562 F. App'x 782, 787 (11th Cir. 2014).

Here, Plaintiff proposes a class that includes persons who (1) purchased or

leased a 2014 Cadillac CTS; (2) in Florida; that (3) displayed the offending inaccurate

Monroney Sticker.  [DE 38 at 1.]  Defendant's responses to Plaintiffs' discovery requests

indicate that its records will identify the members of this class.  [See DE 38-2 at 17–19.]

Plaintiffs' proposed class is therefore well-defined through reference to objective criteria,

and its members may be identified through a manageable process.

### 2.      Numerosity

The Court next turns to Rule 23(a)(1)'s requirement that a proposed class be "so

numerous that joinder of all members is impracticable."  Parties seeking class

certification do not need to know the "precise number of class members," but they "must

make reasonable estimates with support as to the size of the proposed class."  Fuller v.

Becker & Poliakoff, P.A., 197 F.R.D. 697, 699 (M.D. Fla. 2000).  The Eleventh Circuit

has held that "generally less than twenty-one is inadequate [for class certification], more than forty adequate." Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (internal quotation marks omitted).

Defendant does not contest that the Florida Class satisfies the numerosity requirement.  Indeed, Defendant's discovery responses acknowledge that the putative class contains over 1,058 potential members.  [DE 38-2 at 19.]  The Motion therefore satisfies Rule 23's numerosity requirement.

### 3.    Commonality

Rule 23(a)(2)'s commonality requirement demands "questions of law or fact common to the class."  It is a "relatively light burden" that "does not require that all the questions of law and fact raised by the dispute be common . . . or that the common questions of law or fact predominate over individual issues." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 (11th Cir. 2009) (internal quotation marks omitted).  Rather, it requires only "that there be at least one issue whose resolution will affect all or a significant number of the putative class members." Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted).

Here, the Florida Class's claims share multiple questions of law and fact.  For example, each claim concerns whether the inaccurate Monroney Sticker constitute a misrepresentations sufficient to trigger liability under FDUTPA.  Defendant attacks commonality on the grounds that this "alleged 'misrepresentation' would not have been made to every class member and/or not every class member would have been 'deceived.'" [DE 41 at 31.]  But this argument goes to predominance under Rule 23(b)(3), rather than commonality.  Commonality requires only one significant common issue.  See Williams, 568 F.3d at 1355.

7

Moreover, Defendant's argument on this score runs contrary to Florida law and the undersigned's prior decisions.  See Nelson v. Mead Johnson Nutrition Co., 270 F.R.D. 689, 692 & 692 n.2 (S.D. Fla. 2010) (citing Davis v. Powertel, 776 So. 2d 971 (Fla. Dist. Ct. App. 2000)).  FDUTPA does not require Plaintiffs to prove that each individual customer relied upon the alleged misrepresentation.  Nelson, 270 F.R.D. at 692.  And this Court has taken a broad view of the required causation under the Act. See id. at 692 n.2.  As the Court held in Nelson, "a deceptive trade practice can cause a consumer damages even if the consumer does not rely on the deceptive practice when purchasing a particular product."  Id.  This is so because "a deceptive practice allows a manufacturer or vendor to charge a premium for a product that the manufacturer would not be able to command absent the deceptive practice."  Id.

Plaintiffs' FDUTPA claims concern misrepresentations in Monroney Stickers attached to every 2014 Cadillac CTS.   Accordingly, the putative Florida Class satisfies Rule 23(a)(2)'s commonality requirement.

### 4.    Typicality

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  A court examining the typicality requirement should determine whether a "sufficient nexus exists between the claims of the named representatives and those of the class at large."  Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1275 (11th Cir. 2009) (internal quotation marks omitted).  A named plaintiff's claims are "typical" when they arise from the same "event or pattern or practice and are based on the same legal theory" as the claims of the remainder of the class.  Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984).  Typicality is generally satisfied when the named representatives, in

proving the elements of their claims, would also establish the elements of the class members' claims.  Manno v. Healthcare Revenue Recovery Group, LLC., 289 F.R.D. 674, 686 (S.D. Fla. 2013).

Plaintiff Carriuolo's FDUTPA claims are typical of those of the Florida Class. As set forth above, these claims all stem from the same allegedly deceptive practice: Defendant's inclusion of inaccurate information on Monroney Stickers attached to each 2014 Cadillac CTS.   As FDUTPA claims rely on objective inquiries subject to class-wide proof, see Nelson, 270 F.R.D. at 692, Plaintiff Carriuolo satisfies Rule 23(a)(3)'s Typicality requirement with respect to the Florida Class.

### 5.   Adequacy of Representation

Under Rule 23(a)(4), the Court must satisfy itself that "the representative parties will fairly and adequately protect the interests of the class."  This requirement applies to both the named plaintiff and his counsel.  London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1253 (11th Cir. 2003).  The purpose of the adequacy requirement is to protect the legal rights of the unnamed class members.  Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 726 (11th Cir. 1987).  "This 'adequacy of representation' analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action."  Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1189 (11th Cir. 2003).

The Court has no cause for concern with respect to either of these issues. Plaintiff's attorneys are experienced and capable, and have served as class counsel in similar consumer class actions before.  [DE 38-2 at 32–51.]  While Plaintiffs include no Affidavit describing Plaintiff's qualifications to represent the Florida Class, her deposition

testimony reveals that she understands her obligations as a class representative [e.g., DE 41-8 at 3] and her course of conduct in the litigation thus far represents a willingness and ability to adequately participate in the case.

Accordingly, Plaintiff Carriuolo and her counsel have established that they are adequate representatives of the class.

### 6.     Predominance

Defendant makes its strongest objections to certification of the Florida Class on predominance grounds.  Before a district court can certify a class pursuant to Rule 23(b)(3), the plaintiff must demonstrate that common issues predominate over individualized issues.  The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  Archem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997).  To satisfy the predominance requirement, "'the issues in the class action that are subject to generalized proof and, thus, applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'"  Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1005 (11th Cir. 1997) (quoting Kerr v. City of W. Palm Beach, 875 F.2d 1546, 1558 (11th Cir. 1989)).  The predominance requirement focuses on legal and factual inquiries that qualify each member's claim as a controversy, and it is "far more demanding" than the commonality requirement.  Id.

Common issues can predominate only if they have a "direct impact on every class member's effort to establish liability that is more substantial than the impact of individual issues in resolving the claim or claims of each class member."  Vega, 564 F.3d at 1270 (internal quotation marks omitted).  Indeed, if plaintiffs must introduce a great deal of individualized proof or argue a number of individualized legal points to

establish most or all of the elements of their claim, the action is not suitable for class

certification under Rule 23(b)(3).  See Klay v. Humana, Inc., 382 F.3d 1241, 1255 (11th

Cir. 2004).

      Here, Plaintiffs argue that the Florida Class satisfies Rule 23(b)(3)'s

predominance requirement because all the putative class members' claims stem from

the same misinformation contained in Monroney Stickers attached to each of the

purchased cars.  [DE 38 at 12–13.]  Further, Plaintiffs contend that each class member

suffered the same harm when he or she purchased a car that Defendant represented

had certain safety ratings when in fact the car had none. [Id. at 13.]  The Court agrees.

      In its Response, Defendant makes several significant counterarguments.

Defendant first advances the same argument that it makes concerning Rule 23(a)(2)'s

commonality prerequisite: individual inquiries into the Monroney Stickers' role in each

class member's purchase decisions predominate over the inquiries common to the

class.   [DE 41 at 18–21.]  This argument will be rejected for one of the same reasons

that it failed to defeat commonality.  FDUTPA requires no proof of individualized

reliance. See Nelson, 270 F.R.D. at 692.

      Still, Defendant encourages the Court to engage in a reliance inquiry by another

name, arguing that "if a consumer had knowledge of an incorrect statement about a

product before purchase, and then purchased anyway, FDUTPA obviously would not

reward that consumer with a remedy."  [DE 41 at 19.]  The Court rejects this argument.

As observed in Nelson, a deceptive trade practice affects the entire market for a

product.   Even if a particular prospective purchaser knew that Defendant's Monroney

Stickers contained false information, Defendant would enjoy the negotiating leverage

that goes along with being able to instead sell to another prospective purchaser who is

unaware of the misrepresentation.  Nelson, 270 F.R.D. at 692 ("[A] deceptive practice

allows a manufacturer or vendor to charge a premium for a product that the

manufacturer would not be able to command absent the deceptive practice.")

Alternatively, the Court has difficulty accepting that a reasonable consumer would ever

believe information that contradicts a mandatory government safety notice affixed to the

product that the consumer is buying.

Second, Defendant argues that Plaintiffs have failed to present a class-wide

approach to damages, as required by Comcast Corp. v. Behrend, 133 S. Ct. 1426

(2013) and Bussey v. Macon County Greyhound Park, Inc., 562 F. App'x 782 (11th Cir.

2014).  However, Plaintiff is not required to put forth a detailed damages model at this

time.  Instead, Comcast and Bussey stand for the unremarkable proposition that, to

achieve class certification, a Plaintiff must show that issues common to the class

predominate over those that require individualized resolution—including individual

damages inquiries.  See Comcast, 133 S. Ct. at 1433 ("This case thus turns on the

straightforward application of class-certification principles . . . .").  In Comcast, the

Supreme Court reversed certification of an antitrust case because the Plaintiffs'

damages model included harms that the District Court had previously determined were

not amenable to class-wide proof.  133 S. Ct. at 1432–33.  In the absence of any

alternative model applicable only to the class claims, the Comcast Court held that

Plaintiff had not met its evidentiary burden under Rule 23(b)(3).  Id.  And in Bussey, the

Eleventh Circuit reversed certification of a class seeking to recover gambling losses

because plaintiffs had not proved that it could determine any individual class member's losses on a class-wide basis. 562 F. App'x at 790.

Here, Plaintiffs' FDUTPA claims present no such difficulty.  FDUPTA damages are objective and uniform.  FDUTPA entitles each class member to recover the difference between what he bargained for (a vehicle with the advertised safety ratings) and what he received (an otherwise identical vehicle with undetermined safety ratings). This determination requires no individualized inquiry and can be resolved through class-wide proof.  It does not defeat Rule 23(b)(3)'s predominance requirement.[1]

### 7.    Superiority

Finally, the Florida Class satisfies Rule 23(b)(3)'s superiority requirement.  Per Rule 23(b)(3), a Plaintiff may maintain a class action only if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  In conducting this analysis, the Court should consider "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."

---

[1] The Court does, however, share Defendant's concern about a particular subset of the proposed class.  Specifically, institutional purchasers who bought 2014 Cadillac CTSs to lease to end-consumers may have overpaid for the cars.  But they would have enjoyed the benefit (if any) of the inaccurate Monroney Stickers in leasing the cars to others.

Little evidence is presently before the Court on how meaningful an issue this may prove to be.  [See DE 41-2 at 1 (stating only that a "very significant" portion of all CTSs nationwide "were ultimately leased to consumers.")]  But, to the extent that this becomes an issue, it may be resolved through refinement of the Florida Class or creation of subclasses.  See Fed. R. Civ. P. 23(c)(1)(C) (permitting amendment of a certification order at any time prior to judgment).  It does not require the Court to discard the class action device entirely.

Rule 23(b)(3); <u>see also</u> <u>Vega v. T-Mobile USA, Inc.</u>, 564 F.3d 1256, 1277–78 (11th Cir. 2009).

Here, none of these enumerated considerations militate in favor of denying certification of the Florida Class.  Further, the Court agrees with Plaintiff that, in all likelihood, each Plaintiff's "individual claims are too small for the prosecution of a separate action by each Class Member."  [DE 38 at 18.]  And while the availability of attorneys' fees under FDUTPA weighs against class certification, it is not dispositive. Attorneys' fees aside, prosecuting a lawsuit requires much effort from the parties themselves, which they are unlikely to expend on a low-value claim.  Moreover, class-wide resolution of Plaintiffs' claims furthers the Court's and society's interest in judicial economy.

In light of the foregoing, the Court will certify the Florida Class.

### B.    The Court Will Not Certify the Remaining Classes

The Court will not certify the Tennessee, Multistate, or Nationwide Classes.  As set forth below, the Express Warranty and Unjust Enrichment claims at the heart of the Multistate and Nationwide Classes require too much individualized inquiry to satisfy Rule 23(b)(3)'s predominance requirement.  And the Tennessee Class fails Rule 23(b)(3)'s superiority requirement.

### 1.    The Multistate and Nationwide Classes

The Court will decline to certify either the Multistate or Nationwide Classes. These classes relate to Plaintiffs' claims for breach of Express Warranty and Unjust Enrichment, respectively. [See DE 32 at 11, 13; DE 38 at 1–2.]  But the resolution of the merits of a claim for Breach of Express Warranty and Unjust Enrichment require individualized inquiry that renders these claims inappropriate for class determination.

14

With respect to Unjust Enrichment, the Eleventh Circuit has held that "a court must examine the particular circumstances of an individual case and assure itself that, without a remedy, inequity would result or persist." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1274 (11th Cir. 2009). "Due to the necessity of this inquiry into the individualized equities attendant to each class member, courts, including [the Eleventh Circuit], have found unjust enrichment claims inappropriate for class action treatment." Id. The instant case presents no reason for departure from this typical approach.

Class-wide resolution of Plaintiffs' Breach of Express Warranty Claims are similarly problematic. Some conflict exists as to whether a claim for Breach of Express Warranty under Florida law requires a plaintiff to show that he relied upon the representation at issue as part of his prima facie case. Compare Thursby v. Reynolds Metals Co., 466 So. 2d 245, 250 (Fla. Dist. Ct. App. 1984) ("An express warranty is generally considered to arise only where the seller asserts a fact of which the buyer is ignorant prior to the beginning of the transaction and on which the buyer justifiably relies as part of the basis of the bargain." (internal citations and quotation marks omitted)) with Fla. Stat. § 672.313 cmt. 3 ("In actual practice, affirmations of fact made by a seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement."). But in any event, a Defendant may defend against a Breach of Express Warranty claim by offering proof that the Monroney Stickers did not form part of the "basis of the bargain" for any given purchaser. These individualized inquiries defeat class certification under Rule 23(b)(3)'s predominance requirement with respect to the Multistate Class.

15

## 2.    The Tennessee Class

Finally, the Court will decline to certify the Tennessee Class because class litigation in the Southern District of Florida does not represent a superior method of resolving claims involving Tennessee purchasers' claims under Tennessee's consumer protection laws.  In evaluating the superiority of class treatment, Rule 23(b)(3)(C) requires the Court to consider "the desirability or undesirability of concentrating the litigation of the claims in the particular forum."  As part of this inquiry, the court asks "not only whether consolidation is preferable to individual actions but also whether consolidation makes sense *in that district*."  Newberg on Class Actions § 4:71 (5th ed.) (emphasis in original).  Courts consider the residence of the class members, and the location of records and witnesses.  See Kelecseny v. Chevron, U.S.A., Inc., 262 F.R.D. 660, 676–77 (S.D. Fla. 2009) (considering location of claimants); Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1191–92 (9th Cir. 2001) (considering location of claimants, witnesses, and evidence).

Plaintiff offers no adequate justification for concentrating the Tennessee Class's claims in this district.  And the Court can discern none.  Accordingly, the Tennessee Class is inappropriate for certification under Rule 23(b)(3)'s superiority requirement.

## IV.    The Certified Class

The Court certifies Plaintiff's proposed Florida Class, modified as follows to ensure compliance with 28 U.S.C. § 455:

> All persons within the State of Florida who purchased or leased a 2014 Cadillac CTS that had affixed to it false and deceptive information concerning the NHTSA safety ratings for the vehicle.

16

Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories:

(A)   The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit;

(B)   the spouses of those in category (A);

(C)   any person within the third degree of relationship of those in categories (A) or (B); and

(D)   the spouses of those within category (C).

**V.      Conclusion**

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.    Plaintiffs' Amended Motion for Class Certification [DE 38] is **GRANTED in part and DENIED in part** as set forth above.

a.    The Court appoints Geri Siano Carriuolo as representative of the Florida Class.

b.    Pursuant to Rule 23(g), the Court appoints Shapiro Haber & Urmy LLP, Leggio Benrubi, and Clark, Fountain, La Vista, Prather, Keen & Littky-Rubin as Class Counsel.

c.    Pursuant to Rule 23(c), Plaintiffs shall provide reasonable and adequate notice to the Class Members at Plaintiffs' expense.  Plaintiffs should move for court approval of a proposed class notice and opt-out request form after consultation with Defendant and not later than **September 7, 2015**.

2.    Trial and Pretrial Schedule is reset as follows:

Calendar call in this case is reset for 9:00 a.m. on **February 11, 2016**, with trial to commence in the two-week trial period beginning **February 15, 2016**.

| | |
|---|---|
| Dispositive Pretrial Motions and Motions to Exclude or Limit Expert Testimony | December 4, 2015 |
| Motions in Limine | January 20, 2016 |
| Responses to Motions in Limine Joint Pretrial Stipulation, and Designation of Deposition Excerpts for Trial | January 27, 2016 |
| Submission of Voir Dire Questions and Objections to Deposition Designations | Calendar Call |

**DONED AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 8th day of July, 2015.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.